UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOAN CONTRERAS,

    Plaintiff,

        v.

WAL-MART STORES EAST, LP and
GREEN ACRES MALL, LLC,
GEORGE MARAGOS,

    Defendants.
-------------------------------------------------------------------x

Case No.: 18-cv-3589 (SJF)(ST)
**ORDER ADOPTING REPORT & RECOMMENDATION**

**FILED**
**CLERK**
3/24/2020 1:50 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

FEUERSTEIN, Senior District Judge:

I.    Introduction

Plaintiff Joan Contreras ("Plaintiff") commenced this action against Defendant Wal-Mart Stores East, LP (hereafter, "WalMart", "the Company" or "Defendant") claiming that because of WalMart's negligence in maintaining the vestibule area (hereafter, Vestibule") of the WalMart Super Center at 77 Green Acres Road South in Valley Stream, New York (hereafter, the "Store"), Plaintiff slipped, fell, and sustained bodily injuries. (*See* Complaint, ECF No. 1 at 6-14.[1]) WalMart denied Plaintiff's allegations, raising as an affirmative defense Plaintiff's culpable conduct, contributory negligence, and/or assumption of risk (*see* Answer (ECF No. 1 at 19-24)). Thereafter, it moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereafter, the "Summary Judgment Motion") (*see* ECF No. 20; *see also* Support Memo. (ECF No. 23)), asserting it neither created nor had notice of the alleged condition in the Vestibule, which Motion the Plaintiff opposed (hereafter, "Opposition" or

---

[1] Plaintiff brought her action in state court, which Defendant removed to this Court on the basis of diversity jurisdiction. (*See* ECF No. 1 at 1-3, Notice of Removal.)

1

"Opp'n") (*see* ECF No. 26). The Summary Judgment Motion was referred to then-Magistrate Gary R. Brown[2] for a Report and Recommendation (*see* July 9, 2019 electronic Order of Referral).

Presently before the Court is the Magistrate Judge's November 12, 2019 Report and Recommendation (hereafter, "Report") recommending that the Summary Judgment Motion be denied. (*See* Report (ECF No. 29[3]).) WalMart objects to the Report (hereafter, "Objection") (*see* ECF No. 30), to which the Plaintiff has responded (hereafter, "Response") (*see* ECF No. 31). For the reasons that follow, the Court overrules WalMart's objections and adopts Magistrate Judge Brown's Report in its entirety.

II.    Background

The Company raised no specific objections to the Magistrate Judge's factual findings, which were delineated in four subsections of the Report's "FACTUAL BACKGROUND", *to wit*: "*1. The Incident*" describing Plaintiff's fall on May 25, 2017 at approximately 3:53 p.m. (hereafter, the "Accident"), walking through a large puddle of water on the floor of the Store's Vestibule (hereafter, the "Alleged Dangerous Condition") (*see* Report at 2-3); "*2. Rain*" finding, *inter alia*, that "[t]he parties agree that the water in the [V]estibule was caused by rainwater tracked in from the outside" of the Store (*see id.* at 3); "*3. Wal-Mart's Protocol*" discussing the testimony of Katrina Jones ("Jones"), one of the Store's assistant managers, "regarding the

---

[2] In December 2019, after the issuance of this Report, Judge Brown was elevated to District Judge; however, for convenience, herein he will continue to be referred to as "Magistrate Judge Brown" or the "Magistrate Judge".

[3] *See also Contreras v. Wal-Mart Stores East, LP*, No. 18-cv-3589, 2019 WL 7599888 (E.D.N.Y. Nov. 12, 2019). For convenience, when citing to the Report, the Court will use the pagination provided within the docketed Report.

[S]tore's maintenance protocol for the [V]estibule," which included "that the floor of the [V]estibule should be inspected every fifteen to twenty minutes" and "that every Wal-Mart employee has an obligation to identify wet areas on the floor, to guard them, [and to] clean or report the water to maintenance" (*id.* at 4); and, "*4. Video Surveillance*" describing Plaintiff's reliance on a surveillance video of the Store's entrance and location of the Accident (hereafter, the "Video"), which began recording at 2:59 p.m., approximately an hour before the Accident, and depicts, *inter alia*, various Company employees: adjusting floor mats in the Vestibule; moving shopping cart into and out of the Vestibule; walking through the Vestibule (with one such employee being an assistant manager); "st[anding] near the exit side inside the [S]tore, separated from the [V]estibule by clear sliding doors"; and, after the Accident, "clean[ing] the area where [P]laintiff fell with a squeegee" and then mopping the same area. (*Id.* at 4-6.)

For the reasons that will be discussed (*see infra* at pp.15-17), to the extent the Defendant objects to the Magistrate Judge's consideration of Jones's testimony regarding the Store's maintenance protocol (*see* Objection at 8) as "appli[cable] to the situation at issue" (Report at 4) is overruled. The FACTUAL BACKGROUND of the Report is adopted in its entirety and incorporated herein by reference, with the Court assuming the Parties' familiarity therewith.[4] Further, hearing no objection to the Report's PROCEDURAL BACKGROUND (*see id.* at 1), and finding it accurately represents the procedural history of the case, it is also adopted in its entirety and incorporated herein by reference.

---

[4] Further, terms of art defined in the Report are incorporated and used herein, with the parties' familiarity therewith assumed.

III. <u>Applicable Standards</u>

    *A. Report and Recommendation Standard of Review*

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    *B. Motion for Summary Judgment Standard*

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to

a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added; internal quotations and citation omitted)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted); *see also Hancock v. County of Rensselaer*, 823 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372,

380 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586-87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment by "adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)), and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (quoting *Fletcher v. Alex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995))); *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (quotations and citations omitted).

In slip and fall cases brought in federal courts pursuant to diversity jurisdiction, but where New York state substantive law applies, where a defendant moves for summary judgment, it may point to the absence of evidence that it caused or had notice of the hazard and thereby

shift the burden to the nonmovant plaintiff to create an issue for trial through specific factual assertions. *See Doona v. OneSource Holdings, Inc.*, 680 F. Supp.2d 394, 400-01 (E.D.N.Y. 2010). "In other words, in federal court the absence of evidence at the summary judgment stage redounds to the detriment of the plaintiff, not the defendant." *Santora v. Costco Wholesale Corp.*, No. 17-cv-4415, 2018 WL 5886442, at *3 (S.D.N.Y. Nov. 8, 2018).

C. Negligence Under New York State Law[5]

> Under New York law, a plaintiff asserting a negligence claim must demonstrate[:] "(1) a duty owed by the defendant to the plaintiff; (2) a breach thereof; and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks omitted). In the context of premises liability and slip and fall cases, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp.2d 188, 192 (S.D.N.Y. 2004); *see Gorecki v. Painted Pony Championship Rodeo, Inc.*, 6 F. App'x 103, 105 (2d Cir. 2001) (summary order) (proving breach of duty requires showing existence of dangerous condition and that defendant either created it or had actual or constructive notice of it).

*Santora*, 2018 WL 5886442, at *3; *Stephanides v. B.J. Wholesale Club, Inc.*, No. 12-cv-083, 2013 WL 16994901, at *3 (E.D.N.Y. Apr. 18, 2013)("A plaintiff seeking to establish a prima facie case of negligence must show: (1) the defendant owed a duty to the plaintiff to exercise reasonable care; (2) the defendant breached that duty; and (3) the plaintiff was injured as a result of the defendant's breach." (citation omitted)). "Under New York law, '[i]n order for a plaintiff in a slip-and-fall case to establish a prima facie case of negligence against the property owner, the plaintiff must demonstrate (1) that the defendant created the condition that caused the accident, (b) that the defendant had actual knowledge of the condition, or (c) that the defendant

---

[5] The parties agree that "New York law applies to this diversity action." (*Cf.*, Pl.'s Opp'n (ECF No. 26) at 2, *with* Def.'s Support Memo. (ECF No.23) at 3.)

7

had constructive notice of the condition.'" *Khalil-Mirhom v. Kmart Corp.*, No. 12-cv-5512, 2014 WL 173415, at *4 (E.D.N.Y. Jan. 13, 2014)(quoting *Casierra v. Target Corp.*, No. 09-cv-1301, 2010 WL 2793778, at *2 (E.D.N.Y. July 12, 2010); further citations omitted).

> Where a plaintiff has presented evidence that a dangerous condition exists on the property, the burden shifts to the landowner to demonstrate that he or she exercised reasonable care under the circumstances to remedy the condition and to make the property safe, based on such factors as the likelihood of injury to those entering the property and the burden of avoiding the risk. Evidence that the dangerous condition was open and obvious cannot relieve the landowner of this burden. Indeed, to do so would lead to the absurd result that landowners would be least likely to be held liable for failing to protect persons using their property from foreseeable injuries where the hazards were the most blatant.

*Cupo v. Karfunkel*, 1 A.D.3d 48, 52 (N.Y. App., 2d Dept. Oct. 27, 2003)(holding that "proof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence").

IV.   Discussion

   *A. Magistrate Judge Brown's Report & Recommendation*

Acknowledging that the parties dispute whether Plaintiff can establish WalMart having created the dangerous condition or having actual or constructive notice of the dangerous condition, Magistrate Judge Brown quickly eliminated the creation argument (*see* Report at 7 ("Wal-Mart indisputably did not create the dangerous condition that caused [P]laintiff's fall." (Report at 7)), stating the only issue is as to notice, *i.e.*, "whether [P]laintiff can establish that Wal-Mart had actual or constructive notice of the condition." (*Id.*)  As to actual notice, while recognizing it may be inferred with circumstantial evidence (*see id.* at 8), the Magistrate Judge

8

found such notice could not be inferred in this instance, because: even though the Video showed three WalMart employees walked through the Vestibule within the approximate 50 minutes preceding the Accident, Plaintiff failed to submit any testimony from them about their awareness of water in the Vestibule; there was no dispute that, prior to the Accident, WalMart had not received any reports or complaints about water in the Vestibule; and, Plaintiff conceded that no WalMart employee had cleaned the Vestibule before the Accident. (*See id.* at 9.) However, as to constructive notice, "[w]here evidence that a dangerous condition 'had been present for a substantial period of time . . . together with testimony that the area where plaintiff fell is subject to regular inspection and cleaning,'" a finding of such notice may be had. (*Id.* at 10 (quoting *Chong v. Target Corp.*, 14-cv-547, 2015 WL 2250250, at *3 (E.D.N.Y. May 12, 2015)).) Since Plaintiff presented the following evidence, the Magistrate Judge found constructive notice could be inferred, thereby impeding the granting of summary judgment: (1) as Jones testified, the Vestibule was "subject to constant inspection and cleaning" (*id.* at 11); (2) as depicted in the Video: less than one hour before the Accident, two Company employees are adjusting floor mats in the Vestibule (*see id.* at 12); approximately one-half-hour before the Accident, a Company employee pulls a shopping cart from the Vestibule into the Store (*see id.*); the Company "Greeter"[6] is seen, through the sliding glass separating the Store interior from the Vestibule, standing just inside the Store interior (*see id.*); and, three different Company employees walk through the Vestibule a few minutes before the Accident (*see id.*). Moreover, upon the record presented, the Magistrate Judge concluded that a reasonable inference could be made that there was water on the Vestibule floor given: the undisputed fact that it had rained for nearly twelve hours prior to the Accident (*see id.*); the submission of a certified weather report regarding the

---

[6] The Greeter is referred to as a "happy to help" employee in the Report. (*See* Report at 5.)

falling of approximately a half inch of rain within the Store's vicinity over a 12-hour period just preceding the Accident (*see id.*); the Video evidence depicting: several customers with umbrellas walking into the Vestibule within the hour preceding the Accident (*see id.*), the area where Plaintiff fell in the Vestibule not being mopped before the Accident (*see id.*), and another customer falling in the Vestibule a few minutes before the Accident (*see id.*). Given the cumulative effect of these events and "construing the facts in the light most favorable to the [P]laintiff," Magistrate Judge Brown found "a reasonable jury could conclude that [D]efendant had constructive notice of the condition that caused [P]laintiff's fall." (*Id.* at 13.) In other words, Plaintiff has adduced evidence upon which a jury could reasonably find for her, enabling her to defeat the Summary Judgment Motion.

    *B. The Defendant's Objection*

Not unsurprisingly, WalMart does not object to Magistrate Judge Brown's conclusion that it did not create the Alleged Dangerous Condition that caused Plaintiff's fall. Rather, Defendant takes issue with the Magistrate Judge not finding, as a matter of law, that because the water on the Vestibule floor was open and obvious and not inherently dangerous, WalMart was alleviated of any duty to warn. (*See* Objection at 1-2 (generally); *see also id.* at 2 (discussing "open and obvious" prong of analysis), at 3 (discussing "not inherently dangerous" prong of analysis).) Defendant further contends that the Magistrate Judge's conclusion that the water was on the Vestibule floor for 50 minutes, is "improper in that it is drawing factual conclusions instead of merely identifying issues". (*Id.* at 3.) It argues that, based upon the record evidence, Plaintiff "cannot establish constructive notice because the 'telltale signs' of a long-standing condition are here absent." (*Id.* at 4; *see also id.* at 5 (arguing "there is no way to tell when the water came to be upon the floor" making "[t]he R&R's suggestion that it came to be on the floor

10

because of . . . umbrellas . . . or because of being tracked-in on the soles of customers' shoes[] mere minutes before plaintiff's fall . . . nothing more than impermissible speculation").)

Walmart further objects to the Report asserting that the Magistrate Judge improperly inferred constructive notice upon WalMart by utilizing the Company's internal regulations regarding store patrols, which is contrary to New York state law. (*See id.* at 6-8.) In that respect, it claims that Magistrate Judge Brown was wrong to rely upon Jones's testimony regarding WalMart's floor maintenance protocol and to find that the protocol should be a factor considered in determining whether the Company had constructive notice of the Alleged Dangerous Condition, as contrary to New York law. (*See* Objection at 7-8 (citing *Byrd v. Walmart, Inc.*, 128 A.D.3d 629, 630-31 (N.Y. App. 2d Dept. 2015)).) Finally, it claims the Magistrate Judge erred by relying upon *Chong* and *Spinner v. 1725 York Owners Corp.*, 56 A.D.3d 324, 324 (N.Y. App. Div. 1st Dept. 2008) in concluding there are material disputed facts precluding recommending the awarding of summary judgment, primarily arguing the cases' distinguishabilities, *to wit*: compared with *Chong*, here, the Video does not depict persons walking "gingerly and carefully" in the Vestibule within the half-hour preceding the Accident (*see* Objection at 8-9); and, compared with *Spinner*, in this case, it had ceased raining before the Accident and the Greeter had his back to the Vestibule (*see id.* at 9-10 (further noting that any reliance upon the use of floor mats to establish constructive notice of a dangerous condition is no longer good law in New York)).

C. The Plaintiff's Response

In response, the Defendants state:

> Defendant puts forth no meaningful challenge to the reasoning of Judge Brown or the undisputed facts upon which his decision was based. Indeed, [D]efendant does not even deny that the water is what caused [P]laitniff's fall or assert that the floor was in fact dry.

11

> Defendant points to no legal or factual error that would require this Court to second guess the careful work of Judge Brown and engage in a de novo review.

(Response at 3.) More specifically, Plaintiff takes issue with Defendant's objection based on its "open and obvious" argument on several grounds: first, it is inconsistent with WalMart's moving argument "that there was no evidence that Walmart employees were ever aware that the floor was wet" (Response at 4); second, Defendant is raising this argument for the first time in its Objection, failing to put it forth in its moving papers (*see id.* at 4-5, 6); and, third, the Company's "open and obvious" argument "is premised upon a misstatement of New York Law." (*Id.* at 5 (relying upon *Cupo* as the case articulating "the controlling legal standard").) Moreover, Plaintiff would have this Court reject WalMart's contention that the Magistrate Judge reached a conclusion as to how long water existed on the Vestibule floor, stating:

> Judge Brown did not find that "water existed on the floor for 53 minutes before the plaintiff's fall," as [D]efendant contends. Rather, after performing a careful review of the evidence and construing the evidence in the light most favorable to the [P]laintiff, Judge Brown held that a "reasonable jury can infer that the [V]estibule floor where [P]laintiff fell was wet for approximately fifty minutes, before [P]laintiff's fall, which is longer than the thirty minutes in *Chong* and the forty minutes in *Spinner*."

(*Id.* at 7 (quoting Report at 12-13); *see also id.* at 8 (listing undisputed evidence supporting Magistrate Judge's recommendation).)

Further, Plaintiff highlights that Magistrate Judge Brown's finding a disputed question of fact as to constructive notice did not, as WalMart suggests, rest exclusively upon the Company's internal floor maintenance protocols because, while "Judge Brown does reference the [D]efendant's policy of regular inspections at fifteen to twenty-minute intervals, he also points to numerous other pieces of evidence demonstrating that Walmart employees were present in the

12

[V]estibule before the [A]ccident." (*Id.* at 10 (listing additional evidence of WalMart employees' presence (citing Report at 11-12)).) She contends this is consistent with "New York courts [which] have repeatedly found that, where defendants employees are present in the area of plaintiff's accident, constructive notice of a dangerous condition can be inferred." (*Id.* at 10-11 (collecting cases).)

Finally, Plaintiff asserts that the Company, again, misstates the contents of Magistrate Judge Brown's Report when it claims the Magistrate Judge improperly relied upon *Chong* and *Spinner*, countering:

> a plain reading of the Report . . . shows that Judge Brown reached his decision primarily by focusing on the facts of this case and concluded correctly that a triable issue of fact existed as to the issue of constructive notice. Any reference to *Chong* and *Spinner* was simply for the proposition that 'constructive notice can be inferred by circumstantial evidence,' a statement that the [D]efendant does not dispute.

(*Id.* at 11 (quoting Report at 11).)

### D. The Defendant's Reply

Walmart filed a letter in reply to Plaintiff's Response asking this Court to use its discretion and consider its "open and obvious" argument asserting that since Magistrate Judge Brown "concluded that [P]laintiff saw the water upon which she slipped before she ever slipped upon it, it was proper for [WalMart] to argue that the water was open and obvious to the [P]laintiff as a matter of law . . . ." (ECF No. 32 (quoting *Amadasu v. Ngati*, No. 05-cv-2585, 2012 WL 3930386, at *4 (E.D.N.Y. Sept. 9, 2012); further citation omitted).)

### E. The Court's Consideration of Defendant's Objections

Having carefully reviewed the Company's Objection, the Court finds no objections were raised as to the Magistrate's recommendations that "Wal-Mart indisputably did not create the

dangerous condition that caused [P]laintiff's fall" (Report at 7) or that WalMart "did not, in fact, have actual knowledge of the dangerous condition." (*Id.* at 9.) Hence, no review of these recommendations is required. *See Thomas*, 474 U.S. at 150. Rather, WalMart's objections are directed at the Report's recommendation regarding constructive notice; however, an assessment of them shows they are no more than conclusory and general, warranting review of the Report for clear error. *See, e.g.*, Butto, 290 F.R.D. at 379. However, in an abundance of caution, the Court conducted a *de novo* review of the record as it relates to the Magistrate Judge's recommendation regarding constructive notice. Under either standard of review, no error is found.

The Court begins by addressing WalMart's Reply, with particular attention to its reliance upon *Amadasu,* which is misplaced. First, the Company misquotes the case, stating "it is well settled that a district court has 'discretion to consider new *arguments* raised for the first time in objection to a magistrate judge's R&R.'" (*Id.* (purportedly quoting *Amadasu*, 2012 WL 3930386, at *4 (emphasis added)).) That is not so; the *Amadasu* Court stated that is was "new evidence" which could be considered, *see* 2012 WL 3930386, at *4, but "[w]hether a party may raise a new legal argument . . . for the first time in objections to an R & R has not yet been decided in this Circuit." *Id.* at *5 (citing *Wells Fargo Bank, N.A. v. Sinnott*, No. 07-cv-169, at *1 (D. Vt. Jan. 19, 2010)). The *Amadasu* Court followed the guidance of the *Wells Fargo* Court, which considered the following six factors in deciding whether to consider a new argument made in an objection to a report and recommendation and not presented to the magistrate judge:

> (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or

against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Id.* (citing *Wells Fargo*, 2010 WL 297830, at *4 (hereafter, the "*Wells Fargo* Factors")) ("In applying the six factors, the *Wells Fargo* court noted that it was '[g]uided by the Second Circuit's standards for consideration of new legal arguments raised for the first time in a motion for reconsideration, and its standard for considering new evidence in an objection to a magistrate judge's report and recommendation.'")). Here, WalMart addresses only the first *Wells Fargo* Factors, albeit in a cursory manner. Nonetheless, as: WalMart's "open and obvious" argument is one of pure law, not requiring any additional fact-finding; Plaintiff was able to raise her opposition to Defendant's new argument (*see* Response at 3, 4-5); and, relatedly, it is efficient and not unfair to Plaintiff that the Court consider said argument, the Court has considered it in its discretion, which, in the end, is unavailing.

Notwithstanding WalMart's reliance upon the *Cupo* case, that court's instructions undermine the Company's position that Magistrate Judge Brown erred in considering the Company's floor maintenance protocol when determining whether a disputed question of fact exists as to WalMart having had constructive notice of the Alleged Dangerous Condition. As stated, *supra* at p.8, the *Cupo* Court instructed, *inter alia*:

> Where a plaintiff presented evidence that a dangerous condition exists on the property, the burden shifts to the landowner to demonstrate that [it] exercised reasonable care under the circumstances to remedy the condition and to make the property safe, based upon such factors as the likelihood of injury to those entering the property and the burden of avoiding the risk. *Evidence that the dangerous condition was open and obvious cannot relieve the landowner of this burden.*

*Cupo*, 1 A.D.3d at 52 (emphasis added). The Court agrees with Plaintiff that the Company has misstated New York state law regarding "open and obvious" dangers. (*See* Response at 5

15

("Courts have held repeatedly that the open and obvious nature of a dangerous condition does not relieve a landowner of its obligation to maintain property in a reasonably safe condition but can be used as evidence of the plaintiff's comparative negligence.").)

Moreover, to the extent Defendant focuses upon the Magistrate Judge's consideration of the Company's floor maintenance protocol as alleged error, that focus is too myopic and, in any event, unpersuasive. (*Cf.*, Report at 4 (finding Jones' testimony "was responding to '[a]ny kind of wetness on the floor'" (quoting ECF No. 21-8 at 19:17), and Company's floor maintenance protocol "applie[s] to the situation at issue"), *with* Objection at 8 ("[T]he R&R is in error as the [D]efendant's purported failure to follow its own internal regulations cannot serve as a basis for imposing liability against it in this matter.").) Since WalMart may be charged with constructive notice only where the alleged dangerous condition was visible and apparent *for a sufficient length of time* to permit its employees to discover and remedy the condition, *see Urrutia v. Target Corp.*, 681 F. App'x 102, 104 (2d Cir. 2017)(summary order)(quoting *Hartley v. Waldbaum, Inc.*, 69 A.D.3d 902, 903 (N.Y. App. Div., 2d Dept. 2010)), it was not improper for Magistrate Judge Brown to consider evidence of the Company's floor maintenance protocol because it provided a relevant temporal framework against which other, relevant evidence could be considered, *i.e.*, whether the Store employees had sufficient time to discover the condition and to remedy it. Review of the Report demonstrates that this is precisely what the Magistrate Judge did: against the floor maintenance protocol, Magistrate Judge Brown considered, *e.g.*, the Video evidence of several different employs entering, passing through, and being stationed within view of the Vestibule, as well as additional record evidence regarding the earlier rainfall. Moreover, *de novo* review of the record supports the Magistrate Judge's recitation of the evidence. As Plaintiff aptly states, "After performing a careful review of the evidence and construing the

evidence in the light most favorable to the [P]laintiff, Judge Brown held that a 'reasonable jury can infer that the [V]estibule floor where [P]laintiff fell was wet for approximately fifty minutes, before [P]laintiff's fall, which is longer than the thirty minutes in *Chong* and the forty minutes in *Spinner*.'" (Response at 7 (citing Report at 12-13); *see also id.* at 8 (listing undisputed evidence upon which M.J. Brown based his recommendation).) Contrary to the Company's mischaracterization, the Magistrate Judge did not recommend the imposition of liability upon it based upon its "purported failure to follow its own internal regulations" (Objection at 8); indeed, Magistrate Judge Brown made no recommendation regarding liability. Nor, as discussed above, did Magistrate Judge Brown base his recommendation that summary judgment be denied solely upon consideration of the Store's floor maintenance protocol; the protocol was utilized merely as a temporal reference in assessing other evidence, which, considered together, raised a disputed issue of fact for the factfinder. (*See* Report at 12-13.) *Cf., Ghali v. Wal_Mart Stores East, LP*, No. 18-cv-2495, 2019 WL 1745704, at *7 (S.D.N.Y. Apr. 18, 2019) ("'In the absence of proof as to how long th[e] puddle of water was on the floor, there is no evidence to permit an inference that the defendant had constructive notice of the condition on which the plaintiff fell.' [*Yearwood v. Cushman & Wakefield, Inc.*, 742 N.Y.S.2d 661] at (N.Y. App. Div. 2002)]. Plaintiff likewise cannot point to anything in the record to show that Wal-Mart failed to follow its protocol for detecting and cleaning up spills. In fact, even after Plaintiff fell, he and customers gestured toward the area, and a Wal-Mart employee walked over to it, the accident area was not mopped or cleaned, suggesting that no water was visible." (internal citations omitted)), at *8-9 (granting summary judgment in WalMart's favor because "[t]he record here simply does [not] permit an inference of constructive notice, given the absence of evidence as to

17

the visibility of the hazard *or the length of time it was present*" (emphasis added) (collecting cases)).

Further, as to Walmart's contention that the Magistrate Judge erroneously concluded that water was on the Vestibule floor for a definitive period of time (*see* Objection at 3 (without pinciting to Report, arguing Magistrate Judge improperly engaged in "drawing factual conclusions instead of merely identifying issues")), no such error is had as no such conclusion was made. Rather, consistent with one of the Company's moving arguments that "[t]o get to a jury [P]laintiff must provide some basis for an inference that a substance was present for a long enough period of time for the [D]efendant to both have discovered it and remedied it" (Support Memo. (ECF No. 23) at 7 (citing *Casierra v. Target Corp.*, No. 09-cv-1301, 2010 WL 2793778, at *3 (E.D.N.Y. July 12, 2010))), based upon the record presented (*see* Report at 11-12), which was construed in Plaintiff's favor as the non-moving party, *see Centro de la Comunidad Hispana*, 868 F.3d at 109, Magistrate Judge Brown found presented such evidence upon which a reasonable jury: "c[ould] infer that the [V]estibule floor where [P]laintiff fell was wet for approximately fifty minutes before [P]laintiff's fall;" and, "could conclude that [D]efendant had constructive notice of the condition that caused [P]laintiff's fall." (Report at 12-13.) Thus, upon *de novo* review of the instant record, the Court finds no error in the Magistrate Judge's recommendation that whether WalMart had constructive notice of the Alleged Dangerous Condition is a disputed question of fact precluding the granting of summary judgment.

The Court has considered the Company's remaining arguments in support of its objections to the Report and finds them to be without merit. Hence, after considering Defendant's objections to the Report on the issue of constructive knowledge and having conducted a *de novo* review of the record as to that issue, the Defendant's objections are

overruled. Magistrate Judge Brown's Report is adopted in its entirely, *to wit*, as to Plaintiff's Accident: (1) WalMart did not create the Alleged Dangerous Condition causing it; (2) WalMart did not have actual knowledge of the Alleged Dangerous Condition causing it; but (3) it remains a disputed question of fact whether WalMart had constructive knowledge of the Alleged Dangerous Condition causing it.

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that the Defendants' Summary Judgment Motion is denied.

IT IS FURTHER ORDERED that the April 1, 2020 Status Conference, currently scheduled for 11:15 a.m. in Courtroom 1010 of the Central Islip Federal Courthouse, **will commence at 11:00 a.m. *and* is converted to a telephonic** Status Conference. At that time, the Parties are to call Chambers' teleconferencing number, **(877)336-1280**, and follow the automated instructions; the access code is: **7215690**.

Dated this 24th day of March 2020 at Central Islip, New York.

_/s/_ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge